UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Leddarius Wright,

                       Plaintiff,

    v.

Jacquelyn Levitt,

                       Defendant.

**DECISION AND ORDER**

13-CV-563V

---

The Hon. Lawrence J. Vilardo has referred this case to this Court under 28 U.S.C. § 636(b). (Dkt. No. 37.) On April 8, 2016, plaintiff Leddarius Wright ("Wright") filed a motion to amend his complaint to add three additional parties as defendants. Wright currently accuses defendant Jacqueline Levitt ("Levitt"), a physician in the Wende Correctional Facility, of medical malpractice and Eighth Amendment deliberate indifference for failing to approve him for cochlear implants to address his hearing loss. Wright now wants to add Susan Post, Karl Koenigsmann, M.D., and Christina Misa as people who participated in the decision not to approve him for cochlear implants. Wright asserts that he did not know of the involvement of the prospective defendants until the depositions of Levitt on June 23, 2015 and of Christopher Zaluski on December 10, 2015, and until Levitt served her responses to certain interrogatories on January 28, 2016. (Dkt. No. 27-2 at 3.) Levitt opposes amendment of the complaint because of the undue prejudice that she would suffer. "This action has been pending for over three years and Plaintiff has known or could have known about the involvement of the proposed addition defendants since Defendant served her Rule 26 disclosures over two years ago. The parties have engaged in paper discovery and depositions and discovery is now complete. If Plaintiff were allowed to amend his

Complaint at this late stage in the action, Defendant would essentially have to redo discovery, thereby requiring her to expend significant additional resources to conduct discovery and prepare for trial and significantly delaying the resolution of the dispute." (Dkt. No. 33 at 3.)

After an initial review of the parties' motion papers, the Court finds that supplemental briefing is necessary.  Since Wright's motion would add new parties if granted, it likely implicates Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure.  *See, e.g., Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010); *Scott v. Vill. of Spring Valley*, 577 F. App'x 81 (2d Cir. 2014) (summary order); *Reliance Ins. Co. v. PolyVision Corp.*, 292 F. App'x 106 (2d Cir. 2008) (summary order); *Patrick v. Garlick*, 66 F. Supp. 3d 325 (W.D.N.Y. 2014).  As far as the Court can tell, neither side has addressed Rule 15(c)(1)(C) at all.  For the sake of a more complete record, the parties should have a chance to do so.

On or before August 24, 2016, the parties will file simultaneous supplemental briefing that addresses whether Wright's proposed amended complaint would comply with Rule 15(c)(1)(C). Excluding any covers and beginning tables, the supplemental briefing must not exceed 20 pages. Additionally, Wright must clarify in his supplemental briefing whether the medical malpractice claim in the original and proposed amended complaint is being made under 42 U.S.C. § 1983 or some other authority; the original and proposed amended complaint do not make that clear.

SO ORDERED.

           __/s Hugh B. Scott_____
           HONORABLE HUGH B. SCOTT
           UNITED STATES MAGISTRATE JUDGE

DATED: August 2, 2016