UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Leddarius Wright,

                          Plaintiff,

      v.

Jacquelyn Levitt,

                          Defendant.

**Decision and Order**

13-CV-563V

_____

**I.    INTRODUCTION**

       Plaintiff Leddarius Wright, an inmate in the New York State prison system, believes that he suffered profound hearing loss at the hands of prison doctors when wax removal procedures went terribly wrong. Plaintiff eventually was transferred to Wende Correctional Facility ("Wende") because that facility is better able to manage hearing-impaired inmates. Staffers at Wende gave plaintiff accommodations such as hearing aids when he arrived, but plaintiff considers those accommodations inadequate. Since he arrived at Wende, he has sought cochlear implants. Staffers at Wende, including defendant Jacquelyn Levitt ("Levitt") consistently have denied plaintiff a chance at cochlear implants, prompting this action for deliberate indifference to medical needs under 42 U.S.C. § 1983.

       Currently before the Court is plaintiff's non-dispositive motion (Dkt. No. 27) to amend his initial complaint to add three more Wende staffers as defendants under the same theory of deliberate indifference. Plaintiff argues that he did not know until discovery that the three proposed defendants also played a role in denying him cochlear implants. Levitt argues that plaintiff knew about the proposed defendants as early as 2014, that adding the proposed

defendants now would require her to redo discovery at a late stage of the case, and that she would suffer undue prejudice as a result. Levitt argues further that any claims against the proposed defendants now are untimely, though plaintiff has invoked the continuing-violation doctrine in supplemental briefing solicited by the Court.

Following a transfer of the case from the Southern District of New York to this District, and from now-retired District Judge John Curtin to District Judge Lawrence Vilardo, this Court received a referral under 28 U.S.C. § 636(b). (Dkt. No. 37.) The Court solicited supplemental briefing from the parties on August 2, 2016 (Dkt. No. 38) and thanks the parties for their responses. The Court now has deemed plaintiff's motion submitted on papers under Rule 78(b) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons below, the Court grants plaintiff's motion.

## II. BACKGROUND

This case originally began in the Southern District of New York and concerns plaintiff's efforts to obtain cochlear implants for the hearing loss that prison doctors allegedly imposed on him. According to plaintiff, downstate prison doctors in 2008 and 2009 performed wax removal procedures on him that left him with pronounced bilateral hearing loss. Plaintiff eventually was transferred to Wende, which apparently is better equipped to handle inmates with hearing impairments. (*See* Dkt. No. 27-1 at 1.) When plaintiff arrived at Wende on November 6, 2009, staffers there provided him with hearing accommodations such as hearing aids, TTY services, a device called a Shake Awake Alarm, and a sound amplification device called a Pocket Talker. (Dkt. No. 27-3 at 1.) Plaintiff has complained continually to Wende staffers that the accommodations that he received have not helped with his hearing and have not helped him avoid

confrontations with corrections officers about missed directions.  In short, plaintiff wants cochlear implants (*see*, *e.g.*, Dkt. No. 27-5 at 1–4), but Wende staffers have not arranged for a medical review by an otolaryngologist ("ENT") (Dkt. No. 27-8 at 2) and do not consider plaintiff to be socially compatible with the implant training needed after surgery (*see id.* at 4, 6).  Wende staffers consider plaintiff's existing accommodations adequate.  (Dkt. No. 27-6 at 3–4.)

Plaintiff filed his initial complaint on April 3, 2013.[1]  (Dkt. No. 1.)  The complaint recites background facts setting up plaintiff's claims, including this assertion at paragraph 50: "As early as September 2009, after audiology testing at Albany Medical Center, the benefit to the plaintiff of cochlear implants has been known to *those providing his medical care, including* defendant Levitt."  (Dkt. No. 1 at 9.) (emphasis added).  The complaint culminates in three claims.  In the first claim, plaintiff accuses Levitt[2] of medical malpractice.  In the second claim, plaintiff accuses Levitt of deliberate indifference to his medical needs in violation of the Eighth Amendment.  In the third claim, plaintiff technically is accusing Levitt of a lack of informed consent with respect to the wax removals, though this claim probably was a better fit for the now-dismissed defendants.  Levitt answered the complaint on October 29, 2013.  (Dkt. No. 11.)  Based on the docket entries, the case proceeded through discovery largely without incident.

On April 8, 2016, plaintiff filed the pending motion to amend.  Plaintiff wants to add three more defendants, all of whom are Wende staffers: Susan Post, Karl Koenigsmann, M.D., and Christina Misa.  A proposed amended complaint appears at Docket No. 34-1, with a redlined copy

---

[1] For reasons that will become obvious later, *see* Section III *infra*, the Court notes that plaintiff has been represented by counsel—the same counsel—at all times in this case, including for the preparation and filing of the initial complaint.

[2] There were other defendants while the case was in the Southern District, but plaintiff voluntarily dismissed all defendants other than Levitt.  (Dkt. No. 5.)

3

at Docket No. 36.  Plaintiff argues that he could not have added the proposed defendants until Levitt identified them during her deposition as contributing to the decision to deny him cochlear implants.  (Dkt. No. 27-1 at 2.)  Plaintiff argues further that he had to wait until Levitt's interrogatory responses to obtain further confirmation that the proposed defendants contributed to his alleged injury.  (Dkt. No. 27-10 at 6.)  "The plaintiff intends to garner additional facts, through discovery with the newly added defendants, that the denial of his cochlear implants was cruel and inhuman, and that his daily, continuous wish since the time he lost his hearing was to be able to communicate and function normally (or as near to normally as possible) again."  (Dkt. No. 27-2 at 3.)  In his supplemental briefing, addressing an argument from Levitt, plaintiff invokes the continuing-violation doctrine to show that his allegations against the proposed defendants are timely.  Alternatively, plaintiff argues that an amended complaint would relate back to the date of the initial complaint.  Plaintiff notes that proposed defendant Susan Post was identified during initial disclosures as someone "with likely knowledge of discoverable evidence."  (Dkt. No. 40 at 3.)  As for the other two proposed defendants, plaintiff asserts that it is "highly likely that the other parties over whom leave to amend the pleadings is sought, Dr. Koenigsmann and Christina Misa, were informed of the commencement of the case during the applicable period and questioned regarding their roles."  (*Id.*)  As a housekeeping matter, in response to an issue that the Court raised when soliciting supplemental briefing, plaintiff has clarified that he wants to pursue only a deliberate-indifference claim.  (*Id.* at 1.)

    Levitt opposes any amendment of the initial complaint to add parties.  Pointing to medical records and correspondence that she provided during initial disclosures, Levitt argues that plaintiff

4

"knew or should have known since March of 2014 that Susan Post, Karl Koenigsman and Christina Misa were individuals involved in the decision of whether to provide Plaintiff with cochlear implants." (Dkt. No. 32 at 3.) Levitt asserts that plaintiff's requested amendment would cause prejudice because the relevant limitations period has long since run and because "it would require Defendant to essentially redo discovery." (*Id.*)

III.  DISCUSSION

A request for leave to amend a pleading later in a case typically undergoes an analysis under the general principle that the "court should freely give leave when justice so requires." FRCP 15(a)(2). Before going through that analysis, though, the Court needs to examine Levitt's contention that the claims that plaintiff would bring against the proposed defendants would be untimely. If so then no argument about the interest of justice could prevail.

### A. *Would the claims against the proposed defendants be timely?*

The Court first will examine whether plaintiff's deliberate-indifference claim against the proposed defendants can be timely in its own right, under the continuing-violation doctrine. "Section 1983 does not provide a specific statute of limitations. Thus, courts apply the statute of limitations for personal injury actions under state law. Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citations omitted). The materials that the parties have filed so far include the following discrete events pertaining to the continual denial of cochlear implants:

> Correspondence dated October 13, 2010 (Dkt. No. 27-5 at 1), January 9, 2011 (*id.* at 2), January 10, 2011 (*id.* at 3), January 24, 2011 (Dkt. No. 32-2 at 5), January 30, 2011 (*id.* at 7), February 7, 2011 (Dkt. No. 27-5 at 4), and February 14, 2011 (Dkt. No. 27-7 at 1);

5

> Internal memoranda dated January 8, 2010 (Dkt. No. 27-6 at 1), December 28, 2010 (Dkt. No. 27-3 at 1), January 12, 2011 (Dkt. No. 27-6 at 2), January 21, 2011 (*id.* at 3), and February 3, 2011 (*id.* at 4); and
>
> Clinical evaluations suggesting the need for ENT review, dated September 24, 2009 (Dkt. No. 32-2 at 11), November 9, 2010 (Dkt. No. 27-4 at 2) and November 23, 2010 (*id.* at 4).

If the Court used any of the above dates as the starting point for plaintiff's three-year limitations period for deliberate indifference then any amended complaint would be untimely by a wide margin. The continuing-violation doctrine potentially comes into play at this point. "[T]he continuing violation doctrine can apply when a prisoner challenges a series of acts that together comprise an Eighth Amendment claim of deliberate indifference to serious medical needs. That the continuing violation doctrine *can* apply, however, does not mean it must. To assert a continuing violation for statute of limitations purposes, the plaintiff must allege both the existence of an ongoing policy of deliberate indifference to his or her serious medical needs and some non-time-barred acts taken in the furtherance of that policy." *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009) (internal quotation and editorial marks and citation omitted); *accord, e.g., Davidson v. Desai*, 817 F. Supp. 2d 166, 182 (W.D.N.Y. 2011) (citing *Shomo*).[3]

Based on the above principles, the continuing-violation doctrine would support a filing of an amended complaint. Levitt testified at her deposition that plaintiff never saw an ENT because "if the purpose of it was to evaluate him for an implant, and if he's not going to [get one because] we don't recommend the implant, then the ENT doctor really has no role." (Dkt. No. 27-8 at 2.)

---

[3] For the sake of completeness, the Court notes that it is aware of a decision from a sister court in which the judge questioned the "viability of the continuing violation doctrine." *Barbaro v. United States ex rel. Fed. Bureau of Prisons FCI Otisville*, 521 F. Supp. 2d 276, 284 (S.D.N.Y. 2007). There may or may not be a jurisprudential trend away from continuing-violation rules toward discovery rules, but this Court will leave that issue for future appellate or legislative guidance.

Combined with the decision that "we couldn't demonstrate" that implants would make a difference in plaintiff's life (*id.* at 4), Levitt's testimony suggests an institutional policy that a social evaluation for cochlear implants occurs first and that a negative social evaluation precludes a medical evaluation. Plaintiff's initial complaint suggests that the cochlear implant policy at Wende has applied to him since he arrived there in November 2009, and the correspondence and memoranda cited above suggest that "those providing his medical care, including defendant Levitt" (Dkt. No. 1 at 9), have applied the policy repeatedly. In this context, plaintiff's situation would be analogous to the situation in *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999), where the Second Circuit reversed the dismissal of part of a complaint in which the plaintiff alleged "that the Police Department's *inaction*—its repeated *failure* to consider him for promotion—is the 'act' in furtherance of the continuing policy of discrimination that saves Harris' claim from dismissal." *Id.* at 250. Adding in plaintiff's written comment that he wrote to one proposed defendant weekly and to "Nurse Administration" daily about wanting cochlear implants (Dkt. No. 32-2 at 7), a high probability emerges that plaintiff renewed his request—and was denied—at least once in the last three years. If plaintiff can confirm in an amended complaint that at least one timely request and denial occurred involving each defendant then the continuing-violation doctrine would apply and would allow him to take his allegations back to November 2009. *See Crenshaw v. Syed*, No. 9:10-CV-0244 GLS/GHL, 2011 WL 2975687, at *4 (N.D.N.Y. Mar. 8, 2011) (noting that "for the continuing violation doctrine to apply, plaintiff needed to show that *those specific individuals* committed at least one wrongful act within the statutory time period")

7

(internal quotation marks and citation omitted), *report and recommendation adopted*, No. 9:10-CV-0244 GLS/GHL, 2011 WL 2975775 (N.D.N.Y. July 21, 2011).

Though finding conditionally that the continuing-violation doctrine applies, the Court is mindful that plaintiff has been represented by counsel at all times in this case. The record currently contains no specific denial of cochlear implants dated after early 2011. If a specific denial occurred after 2011 then counsel either could have added it to the initial complaint, which was filed in April 2013, or could have sought leave to amend earlier. *See, e.g., Jenkins v. Cnty. of Washington*, No. 114CV0064GTSRFT, 2016 WL 4401372, at *2 (N.D.N.Y. Aug. 18, 2016) (no leniency when plaintiff is represented by counsel and not *pro se*); *accord Friedman v. Self Help Cmty. Servs.*, No. 11-CV-3210 NGG JMA, 2015 WL 1246538, at *16 (E.D.N.Y. Mar. 17, 2015), *aff'd sub nom. Friedman v. Self Help Cmty. Servs., Inc.*, 647 F. App'x 44 (2d Cir. 2016) (summary order); *Williams v. City of New Rochelle*, No. 13-CV-3315 NSR, 2014 WL 2445768, at *3 (S.D.N.Y. May 29, 2014). Nonetheless, the Court is making a conditional finding that the continuing-violation doctrine applies for two reasons. First, as explained above, plaintiff appears to have a high probability of demonstrating that he has continued to make requests for cochlear implants and that Levitt and the proposed defendants have continued to deny those requests. Second, if recent requests and denials have occurred, and the continuing-violation doctrine does in fact apply, then plaintiff likely would be able to litigate against the proposed defendants in a separate, newly filed action. If plaintiff would be able to sue the proposed defendants anyway then denying him a chance to do so here would serve no purpose except to force him to file a new set of papers with the Clerk's office and to pay a new filing fee. Generating extra paperwork and fees would not

serve the broad policy purposes of Section 1983, FRCP 15(a)(2), or FRCP 1. Counsel is cautioned going forward that he should not expect future leniency where the interest of justice does not require it.

Since the Court has decided conditionally that the continuing-violation doctrine applies, it does not need to determine at this time whether the proposed amended complaint would relate back to the date of the initial complaint.

### B. Would an amended complaint serve the interest of justice?

With the issue of timeliness resolved, at least conditionally, the Court now turns to the typical analysis under FRCP 15(a)(2), bearing in mind that Levitt's only other argument has been undue prejudice. Leave to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citation omitted). "However, the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice. In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (internal quotation marks and citations omitted); *accord Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (citing *Block*).

9

Here, the Court finds no barriers to plaintiff's proposed amendment. The theory of liability and the alleged timeframe remain the same. So long as they are still active employees in the state prison system, the proposed defendants almost certainly will have the same counsel as Levitt, the New York State Attorney General's Office. Counsel already has served FRCP 26 disclosures, answered interrogatories, deposed plaintiff, and provided document discovery. *Cf., e.g., Bolia v. Mercury Print Prods., Inc.*, No. 02-CV-6510T, 2004 WL 2550274, at *3 (W.D.N.Y. Sept. 28, 2004) (additional discovery would be minimal following amendment); Dollard v. Perry's Ice Cream Co., No. 99-CV-0594E(F), 2001 WL 1117137, at *4 (W.D.N.Y. Sept. 10, 2001) (same). Some additional discovery now will be necessary; the Court is not necessarily limiting the scope of discovery in saying this, but the additional discovery would appear to be focused mostly on deposing the proposed defendants and perhaps addressing a few supplemental interrogatories. Even so, the additional discovery will not take away or nullify the discovery that already has occurred, especially since counsel has known from the beginning that plaintiff has blamed his situation on "*those providing his medical care*, *including* defendant Levitt." (Dkt. No. 1 at 9 (emphasis added).) Under these circumstances, adding the proposed defendants will not alter the trajectory of the case beyond a little bit of "mere delay," and the Court later can craft a new scheduling order that accelerates the remaining pretrial steps in the case without offending due process for the proposed defendants.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants plaintiff's motion for leave to file an amended complaint. (Dkt. No. 27.) Plaintiff will file the amended complaint on or before November 1, 2016 and will file proof of service on or before November 8, 2016. The amended

complaint will be the proposed one filed at Docket No. 34-1, minus the medical-malpractice claim, plus at least one act that is not time-barred as discussed above.

    SO ORDERED.

                                          /s Hugh B. Scott
                                    HONORABLE HUGH B. SCOTT
                                    UNITED STATES MAGISTRATE JUDGE

DATED: October 18, 2016