<u>UNITED STATES DISTRICT COURT</u>
<u>WESTERN DISTRICT OF NEW YORK</u>

LEDDARIUS WRIGHT,

                              Plaintiff,

                              Case # 13-CV-563-FPG

v.

                              DECISION AND ORDER

JACQUELYN LEVITT, M.D., et al.,

                              Defendants.

## INTRODUCTION

On January 7, 2021, Defendant filed a motion *in limine*, ECF No. 124, seeking: (1) a pretrial evidentiary hearing on the issue of whether Plaintiff exhausted his claim that Defendants were medically indifferent for not referring him to a cochlear implant specialist; and (2) an order precluding Plaintiff from proceeding with any claim that he suffered physical injury due to the lack of a cochlear implant consultation. Plaintiff opposes this motion. ECF No. 129. On January 21, 2021, the Court held argument on Defendants' motion for a hearing, ECF No. 124, and other pending motions *in limine*, ECF Nos. 123, 125, 127, and 128, and reserved decision. ECF No. 136.

For the following reasons, Defendants' motion *in limine* requesting a pretrial evidentiary hearing, ECF No. 124, is GRANTED IN PART and DENIED IN PART. A hearing will be held on September 29, 2021 at 10:00 A.M. in US Courthouse, 2 Niagara Square, Buffalo, NY 14202-3350. Defendants' motion to dismiss Defendants Koengismann, Post, and Misa, ECF No. 128, is GRANTED as to Defendant Post and DENIED WITHOUT PREJUDICE as to Defendants Koengismann and Misa. The parties remaining pretrial motions, ECF Nos. 123, 125, and 127, are DENIED WITHOUT PREJUDICE.

- 2 -

## DISCUSSION

I. **Defendants' Motion for a Pretrial Evidentiary Hearing**

The Court assumes the parties' familiarity with the underlying facts and the full record of prior proceedings in this matter. On January 18, 2019, Defendants moved for summary judgment arguing, *inter alia*, that Plaintiff had failed to sustain his burden of proving that the grievance procedure was unavailable to him. ECF No. 83 at 2. On June 27, 2019, Magistrate Judge Hugh Scott issued a Report and Recommendation ("R&R") recommending denial of Defendants' summary judgment motion, ECF No. 92, and, on February 25, 2020, District Judge Lawrence Vilardo issued an order adopting Judge Scott's R&R on *de novo* review, ECF No. 97. In that order, Judge Vilardo found that Plaintiff's evidence—that even the prison officials in charge of the process for appealing a denial of medical care were "not sure as to the appropriate procedure"—was sufficient "to create an issue of fact as to whether the 'administrative scheme [is] so opaque that . . . no ordinary prisoner [could] make sense of what it demands.'" ECF No. 97 at 6 (citing *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016)). Defendants now move *in limine* for a pretrial evidentiary hearing, arguing that the Court, rather than a jury, should decide that factual issue. ECF No. 124-1 at 7-9.

In response, Plaintiff argues that the administrative exhaustion requirement does not apply here because this case is not about "prison conditions." ECF No. 129 at 2. Plaintiff did not raise this legal argument at the summary judgment stage. *See* ECF No. 76. The Court declines to consider it for the first time at this juncture but will consider this argument when it rules on the administrative exhaustion issue. Plaintiff also argues that the Court should deny Defendants' request for a pretrial evidentiary hearing because such a hearing "would be unreasonably

burdensome to explore an issue that Defendants have shown no realistic chance of winning." ECF No. 129 at 4.

"[T]he Second Circuit has held that disputed facts do not convert exhaustion into a jury issue." *Sims v. Ellis*, No. 15-CV-6355-CJS, 2019 WL 4918048, at *6 (W.D.N.Y. Oct. 4, 2019) (citations omitted). Indeed, where factual disputes "prevent the Court from deciding whether [a plaintiff] exhausted his claims and/or whether the administrative remed[ies], although officially on the books, were actually available to [the plaintiff]," those factual questions are "reserved for the Court and not the jury." *Shepherd v. Fisher*, No. 08-CV-9297 (RA), 2017 WL 666213, at *24 (S.D.N.Y. Feb. 16, 2017) (citations omitted). Accordingly, Defendants' motion for a pretrial evidentiary hearing on administrative exhaustion is GRANTED and the Court will schedule a hearing for September 29, 2021 at 10:00 A.M.

**II.    Defendants' Motion to Limit the Scope of the Pretrial Evidentiary Hearing**

Citing language from Judge Scott's R&R, Defendants argue that the Court should limit the pretrial evidentiary hearing to whether Plaintiff exhausted his deliberate indifference claim as to the second request for cochlear implants. The Court declines to address the issue at this time and Defendants' motion to limit the scope of the pretrial evidentiary hearing on exhaustion is therefore DENIED.

**III.   Defendants' Motion to Preclude Plaintiff from Maintaining an Action Based Upon Alleged Beatings, Solitary Confinement, or Harsh Consequences Because of Plaintiff's Inability to Hear**

Defendants request that Plaintiff be foreclosed from maintaining an action relating to "beatings, isolation or the conditions of his confinement" because Plaintiff failed to grieve these issues and thus failed to "put prison officials on notice of, [or] give them an opportunity to respond to, the alleged issues." ECF No. 124-1 at 13-14. In response, Plaintiff concedes that such incidents

are not distinct claims for liability from his claim for deliberate indifference to his serious medical needs, but rather are provable damages that resulted from said deliberate indifference. ECF No. 129 at 5. Defendants have cited no case law to support the proposition that the exhaustion requirement applies to provable damages, as opposed to claims themselves. *See* ECF No. 124. Defendants' motion is DENIED.

## IV.     The Parties' Remaining Motions *in Limine*

Defendants have moved *in limine* to preclude Plaintiff from maintaining any claim against Defendants Koenigsmann, Post and Misa. ECF No. 128-1 at 2. Plaintiff does not oppose the dismissal of Defendant Susan Post. ECF No. 135 at 1. Defendants' motion to dismiss Post is therefore GRANTED and Plaintiff's claims against Post are DISMISSED.

The parties' remaining motions *in limine*, ECF Nos. 123, 125, 127, and 128, including the request for dismissal of Defendants Koengismann and Misa, present issues related to trial, not administrative exhaustion. These motions are therefore DENIED WITHOUT PREJUDICE and the parties may renew and refile in advance of trial once the Court has held the pretrial evidentiary hearing on administrative exhaustion.

## CONCLUSION

For the foregoing reasons, Defendants' motion *in limine*, ECF No. 124, is GRANTED IN PART and DENIED IN PART. Because a decision on the exhaustion issue must necessarily precede any further action in this case, the Court will conduct an evidentiary hearing on that issue on September 29, 2021 at 10:00 A.M.

Defendants' motion to dismiss Defendant Post is GRANTED and Plaintiff's claims against Post are DISMISSED. The Clerk of Court is directed to terminate Post from the caption of this case.

- 5 -

The parties' remaining motions *in limine*, ECF Nos. 123, 125, 127, and 128, are DENIED WITHOUT PREJUDICE. The parties may renew these motions after the pretrial evidentiary hearing on administrative exhaustion.

IT IS SO ORDERED.

Dated: May 13, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court